IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-66-BO-BM

MONICA BARNES MACEDON, Trustee )
UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. )     O R D E R
)
STATE OF NORTH CAROLINA, )
PITT COUNTY, JACKIE CASTLE, )
Assistant Clerk of Superior Court, )
THOMAS E. MCDONALD, Attorney, )
BROCK & SCOTT PLLC in care of )
U.S. BANK TRUST N.A., SELECT )
PORTFOLIO SERVICING, INC. (SPS), )
RANDHIR GANDHI, CEO for SPS, )
)
        Defendants. )

    This cause comes before the Court on defendants' motions to dismiss plaintiff's complaint. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motions are ripe for ruling. For the reasons that follow, the motions to dismiss are granted and the complaint is dismissed with prejudice.

## BACKGROUND

    Plaintiff, proceeding in this action *pro se*, filed a complaint against Pitt County, North Carolina, Thomas McDonald, Jackie Castle, Select Portfolio Servicing, Inc., and Randhir Gandhi on April 29, 2024. [DE 1]. Her claims arise from a foreclosure sale conducted in Pitt County regarding property at 2509 Jefferson Drive in Greenville, North Carolina. Plaintiff identifies herself as "one of the sovereign people of North Carolina republic without minimum contact with the State of North Carolina". *Id.* ¶ 7. She alleges that the defendants have acted jointly and severally

in violating their obligation to support the United States Constitution; that foreclosure may only happen on government property and thus trespass by wrongful interference with plaintiff's possessory rights has occurred; that the property at 2509 Jefferson Drive did not qualify for a real estate loan, deed of trust, or mortgage because plaintiff is not engaged in farming or ranching; that the 2509 Jefferson Drive property did not qualify for foreclosure because banks have an interest only in their bank buildings and any land financing would be for military purposes, which the 2509 Jefferson Drive property is not; and finally that the record incorrectly reflects that plaintiff's home is a manufactured home on a military base when it is a brick-and-mortar home. *Id.* ¶¶ 49-53. Plaintiff seeks an emergency temporary injunction to stop the foreclosure sale scheduled for May 1, 2024. Plaintiff identifies trespass and invasion of privacy as the causes of action and cites to 42 U.S.C. § 1983, 5 U.S.C. § 552, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory damages of $1,544,400, a permanent injunction prohibiting defendants from depositing unauthorized materials on her land without plaintiff's express consent, and ejectment of all documents which reference trespassers liens and title on the property. *Id.* at 17-18.

Each of the defendants has filed a motion to dismiss. [DE 14; DE 22; DE 26; DE 29]. Defendants argue that the Court lacks subject matter jurisdiction to consider plaintiff's claims, that plaintiff has failed to state a claim upon which relief can be granted, that plaintiff has failed to effect proper service, and that the Court lacks personal jurisdiction over the defendants. Plaintiff has been notified of her right to respond to the motions and has responded to the motions to dismiss. [DE 18; DE 24; DE 33; DE 35; DE 36].

2

to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (alteration and citation omitted).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

### A. Motion to dismiss by Pitt County

Pitt County has moved to dismiss plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Pitt County argues that neither the allegations in the complaint nor the documents attached thereto attribute any alleged misconduct to Pitt County. In the complaint, Pitt County is alleged to have exercised eminent domain over plaintiff's property and plaintiff alleges that Pitt County may only take interest in public property under North Carolina law. [DE 1 ¶¶ 45, 46]. As Pitt County correctly argues, these allegations are legal conclusions and do not support any claim for relief against Pitt County.

4

In response, plaintiff argues that Pitt County can be liable for its policies and customs which result in the deprivation of civil rights under *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), that Pitt County is the trustee for the public trust and that it has a duty and obligation to protect private rights, and that Pitt County has breached its fiduciary duty to protect plaintiff. Plaintiff appears to argue that Pitt County is responsible for the acts of the Register of Deeds and Clerk of Court.

First, neither the Clerk of Court nor the Register of Deeds is a Pitt County employee. N.C. Gen. Stat. § 7A-101(a); N.C. Gen. Stat. § 153A-103; *Sims-Campbell v. Welch*, 239 N.C. App. 503, 507 (2015); *see also Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (municipal liability is not available under the theory of respondeat superior). Second, plaintiff has failed to plausibly allege any policy or custom for which Pitt County could be held liable. *See Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). Plaintiff's claims against Pitt County are properly dismissed.

### B. Eleventh Amendment and judicial immunity

Jackie Castle has moved to dismiss plaintiff's claims against her for lack of subject matter jurisdiction, asserting both Eleventh Amendment and judicial immunity.

Attached to plaintiff's complaint is an order to allow foreclosure sale entered by defendant Castle as Assistant Clerk of Superior Court of Pitt County. [DE 1-1]. Plaintiff alleges that defendant Castle, acting as a judicial officer in Probate Court, exceeded her authority by entering the order to allow foreclosure sale because, among other things, probate courts do not have jurisdiction over the property of the living, only the Secretary of Housing and Urban Development could foreclose the subject property, and that Castle's findings in the order to allow foreclosure sale were erroneous. [DE 1 ¶¶ 21; 33-34; 37-40].

5

North Carolina clerks of superior court and their assistants are judicial officers for purposes of foreclosure proceedings. N.C. Gen. Stat. §§ 7A-40; 7A-102; N.C. Gen. Stat. § 45-21.16(d1). Where a clerk of superior court or her assistant is acting pursuant to her judicial powers provided by statute, she is a state judicial officer and any suit against her is a suit against the state, which is barred by the Eleventh Amendment absent waiver or abrogation by Congress. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985); *Alford v. Mecklenburg Cnty. Clerk of Superior Ct.*, No. 3:19-CV-156-MOC-DSC, 2019 WL 2881556, at *3 (W.D.N.C. July 2, 2019); *Day v. Santaniello*, No. 5:15-CV-165-FL, 2015 WL 13735398, at *6 (E.D.N.C. Oct. 7, 2015) ("Eleventh Amendment immunity bars any claims against the defendant assistant district attorneys, judges, and clerk of court in their official capacities."), *report and recommendation adopted in part sub nom. Day v. A.T. Santaniello*, No. 5:15-CV-165-FL, 2015 WL 7306447 (E.D.N.C. Nov. 19, 2015). Plaintiff has not identified any waiver or abrogation of the state's Eleventh Amendment immunity in her claims. *See, e.g., Biggs v. N. Carolina Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020) (Congress did not abrogate state sovereign immunity for § 1983 suits).

Castle is also entitled to judicial immunity. As discussed above, assistant clerks of superior court are judicial officers for the purposes of foreclosure proceedings. It is firmly settled law that "a judge may not be attacked for exercising his judicial authority, even if done improperly." *Mullins v. Oakley*, 437 F.2d 1217, 1218 (4th Cir. 1971). The only two circumstances in which judicial immunity does not apply are when a judge acts outside of their judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Neither of those circumstances appear here.

C. *Rooker-Feldman* and preclusion

Defendants Castle, Select Portfolio, Randhir Gandhi, and Thomas McDonald each argue that either the *Rooker-Feldman* doctrine, res judicata, or collateral estoppel further bar plaintiff's claims against them.

The *Rooker-Feldman* doctrine prevents federal district courts from exercising jurisdiction over challenges to state court decisions. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002). "The *Rooker–Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006).

Although plaintiff's claims are difficult to decipher, she appears to challenge the validity of the foreclosure proceedings regarding the property at 2509 Jefferson Drive in Greenville. Plaintiff alleges that the property is not in the State of North Carolina, that McDonald had no standing to institute the foreclosure, that Select Portfolio Service and Gandhi lacked authority to service a debt on the property, that Castle was acting as a probate judge and was without authority to enter the order to allow foreclosure sale, and that the facts underpinning the decision were erroneous. Accordingly, to grant plaintiff relief would require this Court to enter an order rendering the foreclosure order ineffectual. Plaintiff's claims are therefore barred by *Rooker-Feldman* and the Court lacks jurisdiction to consider them. *See also Naylor v. Wells Fargo Home Mortg., Inc.*, No. 3:15-CV-116-RJC, 2016 WL 55292, at *3 (W.D.N.C. Jan. 5, 2016) ("this Court and other

7

courts have held that *Rooker-Feldman* prohibits a plaintiff from asserting federal claims attacking a state court foreclosure action.").

"Res judicata, or claim preclusion, bars the relitigation of any claims that were or could have been raised in a prior proceeding between the same parties." *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008). Collateral estoppel, also known as issue preclusion, "bars the relitigation of specific issues that were actually determined in a prior action." *Id.* Under North Carolina law, res judicata applies where there is "(1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits." *Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 84 (2005). Collateral estoppel applies where "(1) the issues are the same as those involved in the prior action; (2) the issues have been raised and actually litigated in the prior action; (3) the issues were material and relevant to the disposition of the prior action and (4) the determination of the issues in the prior action was necessary and essential to the resulting judgment." *Megaro v. McCollum*, 66 F.4th 151, 160 (4th Cir. 2023). "[C]ollateral estoppel precludes the subsequent adjudication of a previously determined issue, even if the subsequent action is based on an entirely different claim." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15 (2004).

In the order approving foreclosure sale, the assistant clerk of court found that the statutory requirements for foreclosure had been met. Plaintiff is collaterally estopped from re-litigating those issues, even where she has pled different claims. As the damages plaintiff seeks would stem from issues which have been conclusively decided in a foreclosure proceeding, plaintiff is collaterally estopped from raising the claims in her complaint, and she has therefore failed to state a claim upon which relief can be granted. *Funderburk v. JPMorgan Chase Bank, N.A.*, 241 N.C. App. 415, 423 (2015); *see also Gray v. Fed. Nat'l Mortg. Ass'n*, 264 N.C. App. 642, 650 (2019).

Plaintiff argues in her oppositions that res judicata and collateral estoppel do not apply to non-judicial foreclosures, citing *Matter of Lucks*, 369 N.C. 222, 227 (2016). But in *Matter of Lucks*, the North Carolina Supreme Court held that a finding by a clerk or trial court that the evidence presented was *inadequate* to authorize a foreclosure sale "does not implicate res judicate or collateral estoppel in the traditional sense." *Id.* Here, the assistant clerk of court found that the evidence *was* adequate to proceed to foreclosure. *Matter of Luck* is inapposite. *See Gray,* 264 N.C. App. 642, 647 (2019); *Vicks v. Ocwen Loan Servicing, LLC*, No. 3:16-CV-00263-FDW, 2017 WL 2490007, at *2 n.3 (W.D.N.C. June 8, 2017).

D. Failure to state a claim

Finally, the defendants argue that plaintiff's complaint fails to allege any plausible claims, and the Court agrees. Plaintiff's claims amount to little more than legal conclusions and are unsupported by factual allegations which would nudge her claims across the line from conceivable to plausible. Plaintiff cites to a number of federal statutes in her claims but fails to specifically allege how any of the defendants violated those statutes. For example, plaintiff alleges that Randhir Gandhi, the CEO of Select Portfolio Servicing, is, as a servicer, governed by Title 12 of the United States Code and has no authority over private property which is "not used as a bank building maritime vessel, not properly used for money making, no authority to initiate a foreclosure or refer property to anybody else to initiate anything against the property." [DE 1 ¶ 44]. Plaintiff alleges that any promissory note signed in one of the contiguous United States which is intended to encumber her real property is void ab-initio and in violation of 12 U.S.C. §§ 615 and 616, portions of the Edge Act, which concerns "corporation[s] organized 'for the purpose of engaging in international or foreign banking or other international or foreign financial operations[.]'" *Bank of*

9

*Am. Corp. v. Braga Lemgruber*, 385 F. Supp. 2d 200, 207 n.5 (S.D.N.Y. 2005) (citation omitted). Plaintiff's claims are, at bottom, difficult to comprehend and at times nonsensical.[1]

In sum, plaintiff's claims against defendant Castle are barred by Eleventh Amendment and judicial immunity. Her claims against all defendants are further barred by the *Rooker-Feldman* doctrine and collateral estoppel. Insofar as any claims are not barred, plaintiff has failed to state any plausible claims for relief. Her complaint is appropriately dismissed with prejudice.[2]

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motions to dismiss [DE 14; DE 22; DE 26; DE 29] are GRANTED. The remaining motions [DE 7; DE 32] are DENIED AS MOOT. Plaintiff's complaint is hereby DISMISSED with prejudice. The clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this ____ day of March 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, as McDonald has argued, a trustee, as Ms. Macedon is described in the complaint, may not appear *pro se* on behalf of a trust. *Peterson v. City of Hickory*, No. CIV. 5:07CV74, 2008 WL 2980096, at *2 (W.D.N.C. July 30, 2008). Plaintiff, who does not allege that she is an attorney, also may not proceed *pro se* on behalf of the United States. *See Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244-246 (4th Cir. 2020).

[2] Several defendants also argue that plaintiff's Rule 4 service was ineffective. In light of the foregoing, the Court declines to reach this argument.